**SIGNED THIS: June 18, 2007**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| ALAN D. CARLTON and | ) | |
| DIANE S. CARLTON, | ) | Case No. 06-71322 |
| | ) | |
| Debtors. | ) | |

# O P I N I O N

This matter comes before the Court upon a Motion to Reconsider filed by the standing Chapter 13 Trustee, John H. Germeraad ("Trustee"). The Trustee seeks reconsideration of an Opinion and Order entered February 28, 2007, which, *inter alia*, approved confirmation of the Debtors' First Amended Chapter 13 Plan over the Trustee's objection. For the reasons set forth below, the Trustee's Motion to Reconsider will be denied.

Alan D. Carlton and Diana S. Carlton ("Debtors') filed their

-1-

voluntary petition under Chapter 13 of the Bankruptcy Code on September 28, 2006. After meeting with the Trustee and amending their pleadings several times, the Debtors presented their First Amended Chapter 13 Plan ("Plan") for confirmation. The Trustee objected to confirmation of the Plan and also objected to the Debtors' Second Amended Schedule I and to the Debtors' Second Amended Official Form 22C - Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("CMI"). This Court's Opinion and Order of February 28, 2007, sustained the Trustee's objection to the Second Amended Schedule I but overruled the Trustee's objections to both the CMI and the Plan. In re Carlton, 362 B.R. 402 (Bankr. C.D. Ill. 2007).

On March 1, 2007, the Trustee filed his Motion to Reconsider. The proper caption for the Trustee's Motion should have been a Motion to Alter or Amend pursuant to Federal Rule of Civil Procedure 59(e), as made applicable to these proceedings by Bankruptcy Rule 9023. Fed.R.Civ.P. 59(e); Fed.R.Bankr.P. 9023. The Seventh Circuit has noted the failure of parties to properly caption motions of this type and requires that motions filed within 10 days of the entry of an order seeking relief from such order be treated as Motions to Alter or Amend. Charles v. Daley, 799 F.2d 343, 347 (7th Cir. 1986). Accordingly, regardless of the caption, the Trustee's Motion will be considered as having been brought pursuant to Rule 9023.

In his Motion, the Trustee asserts that this Court erred in calculating the Debtors' projected disposable income and should not have allowed the Debtors' deductions on their CMI for the payment of three separate secured obligations relating to the Debtors' three vehicles. The Trustee further suggests that this Court should have denied any deduction for the Debtors' obligation related to their Cadillac because it is a "luxury" vehicle. Finally, the Trustee asserts that, had this Court ruled correctly on the CMI vehicle deductions, the Debtors' Plan would not have been confirmable and, therefore, the Court erred in confirming the Plan. These issues have been fully briefed by both the Trustee and Debtors.

Section 1325(b) of the Bankruptcy Code provides that, if a trustee or unsecured creditor objects to the confirmation of a Chapter 13 plan, then to obtain confirmation, a debtor must pay unsecured claims in full or must agree to pay into the plan all of such debtor's projected disposable income for the required commitment period of the plan. 11 U.S.C. §1325(b)(1). A debtor's disposable income is generally calculated by determining a debtor's current monthly income in accordance with certain statutory formulae and subtracting from that income the debtor's reasonably necessary expenses. 11 U.S.C. §1325(b)(2). Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the amount of a debtor's reasonably necessary expenses may be

calculated in one of two ways, depending on the debtor's current monthly income.

A debtor whose annualized current monthly income falls below the median income for a household of the same size within the same state calculates reasonably necessary expenses by setting forth actual expenses on the required Schedule J.  If objected to, those actual expenses are then reviewed for reasonableness and necessity by the Court.  For a debtor whose annualized current monthly income exceeds the median income of households of the same size within the same state, reasonably necessary expenses are "determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)" of the Code.  11 U.S.C. §1325(b)(3).  The Debtors here have annualized current monthly income which exceeds the comparable median income and, therefore, must calculate their reasonably necessary expenses in accordance with §707(b)(2). These calculations are made using the CMI.

The issue before the Court is the proper method of deducting secured indebtedness for vehicles on the CMI.  Deductions for secured debt payments are allowed by §707(b)(2)(A)(iii), which provides as follows:

> (iii)  The debtor's average monthly payments on account of secured debts shall be calculated as the sum of –
>
> > (I)  the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and

>     (II) any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's primary residence, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for the secured debts;
> divided by 60.

11 U.S.C. §707(b)(2)(A)(iii).

The Debtors have three vehicles - a 2003 Cadillac Escalade subject to a $30,000 debt, a 2006 Honda Civic subject to a $22,000 debt, and a 1998 Chevrolet Monte Carlo subject to a $3,000 debt. In accordance with the provisions of §707(b)(2)(A)(iii)(I), the Debtors calculated the amount contractually due on each of these loans over the five-year commitment period of their Plan and divided the amount for each vehicle by 60. That calculation resulted in deductions at line 47 of the CMI for the Cadillac Escalade of $604.71, for the Honda Civic of $443.46, and for the Monte Carlo of $60.48.

Over the objection of the Trustee, this Court found that these deductions were all properly taken. In re Carlton, 362 B.R. *at* 410-11. This Court opined that the statute was clear that the amount of all secured indebtedness contractually due during the five-year commitment period could be deducted at line 47 of the CMI, and that this Court could not review otherwise proper deductions based on an objection by the Trustee that the collateral for a particular secured debt was not reasonably necessary for the

support of the Debtors or their dependents. The Court further found that it could not substitute its own judgment on the issues of reasonableness or necessity with respect to expense deductions which the statute dictates be determined by using either a standard amount from a table or a precise method of calculation. The statute sets forth the precise method of calculating secured debt deductions, and this Court found no basis to deviate from that statutorily-mandated calculation. Id. *at* 411.

In asking the Court to reconsider, the Trustee first asserts that the Court is wrong in its belief that it cannot impose its own subjective standard of reasonableness on deductions otherwise allowed by §707(b)(2).[1] In support of this position, the Trustee

---

[1] The Trustee assumes that, if this Court were to review the Debtors' deductions under a reasonable and necessary standard, the Court would limit the Debtors to two vehicles and require the Debtors to give up their Cadillac. The Trustee stated in his original objections that under pre-BAPCPA law, joint debtors were normally entitled to claim expenses for only two vehicles. This Court disagrees. Courts have reached a variety of different conclusions about what vehicle deductions are reasonable and necessary under various circumstances. *See, e.g.*, In re Marshall, 181 B.R. 599 (Bankr. N.D. Ala. 1995) (joint debtors justified need for three vehicles); In re Walsh, 224 B.R. 231 (Bankr. M.D. Ga. 1998)(only one vehicle allowed for joint debtors where wife not employed outside the home); In re King, 308 B.R. 522 (Bankr. D. Kan. 2004)(vehicle for college student allowed as reasonable expense). The only pre-BAPCPA case decided by this Court on this issue involved the reasonableness of four vehicles for the joint debtors, their college student daughter, and their high school student son. In re McCormick, 354 B.R. 246 (Bankr. C.D. Ill. 2006). Interestingly, the objection in McCormick to the reasonableness and necessity of four vehicles came from a creditor and not from Mr. Germeraad, who was also Trustee in that case.

points out that there are several places in §707(b)(2) where the "reasonably necessary" standard is referenced. For example, amounts deducted for health insurance, disability insurance, and health savings accounts must be reasonably necessary. §707(b)(2)(A)(ii)(I). Likewise, expenses for the care and support of an elderly or disabled family member may be deducted only to the extent that the expenses are shown to be reasonable and necessary. §707(b)(2)(A)(ii)(II).

One rule of statutory construction which this Court must follow is that this Court must presume that Congress acts intentionally and purposefully when it includes particular language in one section of a statute but omits that same language in another section. BFP v. Resolution Trust Corp., 511 U.S. 531, 537 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994). With this rule in mind, this Court finds that, by the insertion of the reasonable and necessary language in just a few of the sections of §707(b)(2), Congress intended courts to do a "reasonable and necessary" review of only those specific expense deductions where that language is expressly inserted.

Some of the provisions of §707(b)(2) refer to IRS national and local standards, and Congress did not insert the reasonable and necessary language in those sections of the statute. That makes sense because reference to the IRS standards alone provides a fixed amount for those allowed deductions. With respect to other

expenses, such as care of the elderly and disabled mentioned above, however, there are no fixed IRS standards to which reference can be made. These types of expenses may vary widely based on need and circumstances. Thus, Congress has allowed such expenses but has made the allowance expressly subject to review using a reasonable and necessary standard.

With respect to the deduction of the secured debt payments at issue here, Congress did not include the reasonable and necessary standard in §707(b)(2)(A)(iii)(I) which provides for the deduction of the "total of all amounts scheduled as contractually due" during the five-year commitment period. This section provides a precise formula for calculating the allowed deduction, and the failure to include language which requires or even allows a review of the deductions based on a reasonably necessary standard clearly suggests that Congress intended that no such review be undertaken. Had Congress wanted to limit the secured debt deductions to those debts secured only by certain types or amounts of collateral, it could have done so. It did not do so and, in the absence of any express limitation in the statute, this Court cannot find any basis to impose a limitation based on the fact that the allowance of other, unrelated deductions may be subject to a reasonable and necessary standard.

The Trustee's second argument in support of his Motion can be disposed of easily. The Trustee suggests that the word "and' which

links subparagraphs (I) and (II) of §707(b)(2)(A)(iii) is a typographical error and that this Court should substitute the word "or" for the word "and." Although the Trustee spends a substantial amount of his brief addressing this issue, he cites no legislative history or other authority for his position. He further asserts - again, with no authority - that if the Court makes the substitution of "or" for "and", then subparagraph (I) could be read to apply only to Chapter 7 cases and subparagraph (II) would apply only in Chapter 13 cases. With this argument, the Trustee attempts to reach the word "necessary' found in subparagraph (II) and have that word limit all secured debt deductions available in Chapter 13 cases. This suggested interpretation of the statute is severely strained and intellectually dishonest. It follows no recognized rule of statutory interpretation, finds no support in precedent, and is without merit.

The Trustee's third argument fares no better. The Trustee asserts that the case of In re Devilliers, 358 B.R. 849 (Bankr. E.D. La. 2007) supports his position that the Debtors are only entitled to the deduction of two secured vehicle obligations and that this Court should deny any deduction for their Cadillac. This Court has read Devilliers closely and finds little support there for the Trustee's position. Although Devilliers addresses a variety of issues relating to the proper completion of the CMI by over-the median income debtors, it does not specifically address

any issues relating to the amount or type of secured indebtedness which may be deducted at line 47 of a CMI. No issues relating to the construction of §707(b)(2)(A)(iii)(I) are resolved in <u>Devilliers</u>. The Trustee quotes extensively from <u>Devilliers</u> and cites a number of passages where the terms "reasonable" and "necessary" are used. Admittedly, the court in <u>Devilliers</u> seems to endorse the notion that scrutiny of the reasonableness and necessity of certain expenses is appropriate when a court makes its analysis of disposable income under §1325(b)(3). <u>Devilliers</u> does not, however, provide any direct support for denial of the deductions for the payment of secured debts, nor does <u>Devilliers</u> cite any higher authority or offer any compelling policy justification which would persuade this Court to deny the deductions.

Finally, the Trustee argues that Congress' intent in passing the BAPCPA was clear and that the Trustee's position is in sync with that clear intent.[2] The Trustee states: "The advertised purpose of the legislation was to make those who could afford to

---

[2] The Trustee is out of sync with the published pronouncements of the Executive Office of the United States Trustee on the issue of deductions for debts secured by vehicles. On its website, the United States Trustee Program has published a Statement of the U.S. Trustee Program's Position on Legal Issues Arising under the Chapter 13 Disposable Income Test ("UST Statement"). *www.usdoj.gov/ust/bapcpa/docs/Disposable_Income_Ch13_UST_Policies.pdf.* For line 47 of the CMI, the UST Statement says "Total all payments coming due in the 60 months following filing and divide by 60. ... Includes all secured debt, even 'toys' and luxury items."

-10-

pay more to actually pay more to their creditors.  There should not be a choice that sides with paying less to the unsecured creditors."  The Trustee misunderstands the role of this Court in interpreting the statutes at issue in this case.

The Court's role is not one of choosing sides but rather one of following basic rules of statutory construction.  A court must give the words of a statute their plain meaning.  When the meanings of the words of a statute are plain and unambiguous, a court must enforce the statute according to its own terms.  U.S. v. Ron Pair Enterprises, Inc. 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).  Similarly, a court must give meaning to each word in a statute and, if at all possible, not construe a statute so as to render some words or phrases meaningless or superfluous.  TRW, Inc. v. Andrews, 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001).  Following these rules, this Court finds that the statutory provision that allows deduction of "all amounts scheduled as contractually due" means what it says and cannot be read to exclude some amounts scheduled as contractually due because of the type or amount of collateral securing the debt.  11 U.S.C. §707(b)(2)(A)(iii).  In short, the rules of statutory construction compel a finding that "all" means "all."  Accordingly, the Debtors may include deductions for "all" three of their debts secured by vehicles at line 47 of their CMI.

For the reasons set forth above, the Trustee's Motion to

Reconsider is denied.  The Debtors' attorney shall submit an order confirming the Debtors' First Amended Chapter 13 Plan within 14 days.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###